Spencer M. Neal- OSB #77286
spencerneal@justice.com
Marc E. Jolin- 0OSB# 00484
marcejolin@yahoo.com
OREGON LAW CENTER
921 S.W. Washington #516
Portland, Oregon 97205
(503) 295-2760
(503) 295-0676 (fax)
Of Attorneys for Plaintiff

FILED'04 JUL 28 14:27USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL JACOBS,

Plaintiff,

vs.

FREDERICK WIECHMANN, HEIDI BROCKMANN, MICHAEL LEASURE, and the CITY OF PORTLAND,

Defendants.

Case No. CV 04-511 HA

AMENDED COMPLAINT
Civil Rights - 42 U.S.C. 1983
Damages
Demand for Jury Trial

I. INTRODUCTION

1.1. Plaintiff was cited on some six occasions in 2003 by defendants Wiechmann, Brockmann, and Leasure, Portland police officers, and charged with

violating ORS 814.090, a statute that bars solicitation on or near a highway. That statute was declared by the Oregon Court of Appeals to be unconstitutional in 1996. On dozens of other occasions in 2003 plaintiff was prevented from soliciting donations by those officers, also based upon that statute. Despite that 1996 ruling, defendant City of Portland has or had an official practice or custom of enforcing that statute.

1.2. Plaintiff seeks compensatory and punitive damages from defendants Leasure, Brockmann, Wiechmann, and compensatory damages from defendant City of Portland for the violations of his constitutional rights.

## II. JURISDICTION

2.1. Jurisdiction exists pursuant to 28 U.S.C. 1331, federal question jurisdiction and 28 U.S.C. 1343, civil rights jurisdiction.

## III. PARTIES

3.1. Plaintiff Jacobs is a resident of the State of Oregon and is disabled; he makes his living soliciting charitable contributions from others.

3.2. Defendants Leasure, Brockmann and Wiechmann are police officers employed by the City of Portland and at all relevant times were acting under color of state law. They are being sued in their individual capacities.

3.3. Defendant City of Portland is the municipality whose official policies, practices or customs caused plaintiff's injuries.

IV. FACTUAL ALLEGATIONS

4.1. On numerous occasions in 2003, plaintiff was soliciting charitable donations within the city limits of Portland.

4.2. On six of those occasions, the defendant police officers cited him for violating a state statute, ORS 814.090, that makes it unlawful to solicit donations on or near a highway, three times by defendant Wiechmann, on March 24, 2003, March 31, 2003, and September 12, 2003, twice by defendant Leasure, on June 26, 2003, and August 9, 2003, and once by defendant Brockmann on September 16, 2003.

4.3. On each of those occasions, plaintiff was forced by said defendants to stop seeking charitable donations and to leave the location where he had been soliciting.

4.4. On each of those occasions, plaintiff was detained while the police officers gave him a citation.

4.5. Plaintiff later obtained dismissal of each of the citations issued against him by defendants Wiechmann, Leasure, and Brockmann.

4.6. The legal basis for the dismissal or vacation of the citations was the opinion of the Oregon Court of Appeals, *City of Springfield v. Aquizap*, 144 Or. App.

190 (1996), which held that ORS 814.090 was unconstitutional and violated Article I, Section 8 of the Oregon Constitution.

4.7. Despite that action of the Oregon Court of Appeals nearly seven years earlier, Portland police officers, including the individual defendants herein, continued to enforce ORS 814.090, either by demanding that persons who had been soliciting donations on or near a highway stop doing so or by issuing citations or both.

4.8. The conduct on the part of the individual defendants to enforce a statute that had been declared unconstitutional seven years earlier displayed a reckless disregard for plaintiff's constitutional rights.

4.9. No reasonably competent police officer would have enforced a statute that had been declared unconstitutional six years before.

4.10. On dozens of other occasions when they did not issue citations, defendants Wiechmann and Leasure stopped and detained plaintiff and ordered him not to solicit charitable donations, each time based upon ORS 814.090.

4.11. At the time that each of the individual police officer defendants issued citations to plaintiff, or ordered him to stop soliciting charitable donations or both, they had in their possession a concise guide to the Oregon vehicle code which expressly noted that relevant provisions of ORS 814.090 had been declared unconstitutional.

4.12. Defendant City of Portland has or had an official policy, practice or custom of enforcing ORS 814.090, despite the action of the Oregon Court of Appeals in *Aquizap*.

4.13. In a deposition on April 18, 2003, a Portland police officer named Mark Johnson testified that he had learned through a Deputy District Attorney in the late 1990s that he was not to enforce ORS 814.090.

4.14. Present at the Johnson deposition was a deputy city attorney for the City of Portland.

4.15. In September of 2000, Portland Police Officer Holthausen sought and obtained a legal opinion from then Deputy City Attorney David Lesh which included, in part, a discussion of ORS 814.090(1)(a).

4.16. Despite the knowledge of the City of Portland of the unconstitutionality of ORS 814.090, Portland police officers, including each of the defendant police officers herein, continued to enforce that statute.

4.17. Defendant City of Portland has failed to train its police officers, including defendants Wiechmann, Brockmann, and Leasure, that they cannot enforce statutes that have been held to be unconstitutional such as ORS 814.090.

4.18. As a consequence of defendants' conduct, plaintiff has suffered loss of income, emotional distress, and personal hardship as well as being prevented from the exercise of his constitutional rights.

## V. CLAIMS FOR RELIEF

5.1. Plaintiff's right under the First Amendment to the United States Constitution to freedom of speech was violated by defendants for which he seeks redress pursuant to 42 U.S.C. 1983.

5.2. Plaintiff's right under the Fourth Amendment not to be subjected to an unreasonable seizure of his person was violated by defendants for which he seeks redress pursuant to 42 U.S.C. 1983.

5.3. Plaintiff's right under the Fourteenth Amendment to due process of law was violated by defendants for which he seeks redress pursuant to 42 U.S.C. 1983.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff asks the Court for the following relief:

6.1. To accept jurisdiction of this case and to grant him a jury trial;

6.2. To declare that defendants' enforcement of a statute that had been declared unconstitutional violated his Fourteenth Amendment due process rights;

6.3. To declare that defendants' detention of plaintiff to issue him citations or to order him to stop soliciting donations violated his Fourth Amendment right to be free of unreasonable seizures of his person;

6.4. To declare that defendants' citation and prosecution of plaintiff for violating ORS 814.090 or their interference with his solicitation of charitable donations violated his First Amendment right to freedom speech;

6.5. To declare that defendant City of Portland's custom of enforcing ORS 814.090 violates the First, Fourth and Fourteenth Amendments to the United States Constitution;

6.6. To award plaintiff compensatory and punitive damages from defendants Leasure, Brockmann, and Wiechmann in amounts to be established at trial;

6.7. To award plaintiff compensatory damages from defendant City of Portland in an amount to be established at trial;

6.8. To award plaintiff his costs and attorneys fees pursuant to 42 U.S.C. 1988; and

6.9. To grant such other relief as is just and appropriate including expungement of all police records related to the issuance of the above-referenced

citations against plaintiff and requiring defendant City of Portland to train its police officers not to enforce statutes that have been declared unconstitutional.

Spencer M. Neal -OSB # 77286
Of Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing AMENDED COMPLAINT on the attorney for defendant by mailing to said attorney in a sealed envelope with postage prepaid a true copy of said document, which I hereby certify as true, to him at his regular business address, to-wit:

William Manlove
1221 SW 4th Ave. #430
Portland, Oregon 97203

on this 27th day of July,2004 and deposited in the post office at Portland, Oregon, on said day.

Spencer M. Neal
Of Attorneys for Plaintiffs